

**FILED**
May 18, 2023 09:04 AM
ST-2021-CV-00051
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
**✴✴✴✴✴**

| | | |
|---|---|---|
| JOHN C. KIRKLAND, | ) | CASE NO.: ST-21-CV-051 |
| | ) | |
| Plaintiff, | ) | ACTION FOR BREACH OF |
| v. | ) | CONTRACT, BREACH OF IMPLIED |
| | ) | DUTY OF GOOD FAITH AND FAIR |
| WALTER FEDDERSEN, JANE FEDDERSEN, | ) | DEALING, BREACH OF FIDUCIARY |
| JEYAN K. STOUT, and STOUT REALTY, LLC | ) | DUTY, TRESPASS, NEGLIGENT |
| d/b/a COLDWELL BANK STOUT REALTY, | ) | SUPERVISION, CONVERSION, |
| | ) | UNJUST ENRICHMENT AND |
| Defendants. | ) | DECLARATORY JUDGMENT |
| | ) | |
| | ) | |
| WALTER FEDDERSEN and JANE FEDDERSEN,) | | |
| | ) | CASE NO.: ST-23-CV-050 |
| Plaintiffs, | ) | |
| | ) | ACTION FOR BREACH OF |
| v. | ) | FIDUCIARY DUTY, NEGLIGENCE, |
| | ) | BREACH OF LISTING AGREEMENTS, |
| JEYAN K. STOUT, and STOUT REALTY, LLC | ) | BREACH OF INDEMNIFICATION & |
| d/b/a COLDWELL BANK STOUT REALTY, | ) | CONTRIBUTION & DECLARATORY |
| | ) | RELIEF |
| Defendants. | ) | |
| | ) | 2023 VI Super 26U |

A.J. STONE, ESQ.
BoltNagi P.C.
Merchants Financial Center
4608 Tutu Park Mall, Ste. 202
St. Thomas, V.I. 00802
*Attorneys for Plaintiff*

A. JEFFREY WEISS, ESQ.
9800 Buccaneer Mall
Building 1, Suite 15
St. Thomas, V.I. 00802
*Attorneys for Defendants*
*Walter Feddersen and Jane Feddersen*

KYLE R. WALDNER, ESQ.
Waldner Law, P.C.
1026 Norre Gade
Kings Quarter
St. Thomas, V.I. 00802
*Attorneys for Defendants*
*Jeyan K. Stout & Stout Realty d/b/a*
*Coldwell Bank Stout Realty*

**ROBERT L. KING, ESQ.**
King & King Law, P.C.
5043 Norre Gade, 11A, Ste. 2
St. Thomas, V.I. 00802
*Attorneys for Defendant*
*Jeyan K. Stout*

## ORDER

**THIS MATTER** having come before the Court on Plaintiff's motion to exclude April Newland

from providing expert testimony, and consistent with the memorandum opinion of even date, it is

hereby

**ORDERED** that the motion to exclude is **DENIED**; and it is further

**ORDERED** that the *Daubert* hearing as it pertains to April Newland is cancelled; and it is further

**ORDERED** that a copy of this Order shall be distributed to the parties of record.

Dated: May 18, 2023

**Renée Gumbs Carty**
Senior Sitting Judge, Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Latoya Camacho
Court Clerk Supervisor  5 / 19 / 2023

2

**ROBERT L. KING, ESQ.**
King & King Law, P.C.
5043 Norre Gade, 11A, Ste. 2
St. Thomas, V.I. 00802
*Attorneys for Defendant*
*Jeyan K. Stout*

**CARTY, RENÉE GUMBS, Judge**

## MEMORANDUM OPINION

¶1.   **BEFORE THIS COURT** is "Plaintiff's Motion to Exclude The Expert Testimony of April Newland" filed on May 2, 2023. Defendants Jeyan K. Stout and Stout Realty, LLC d/b/a Coldwell Banker Stout Realty (collectively Stout Defendants) filed their opposition on May 17, 2023. Plaintiff John C. Kirkland (Plaintiff or Kirkland) seeks to exclude the expert testimony of April Newland (Newland) as a realtor on the basis that the methodology she applied to conclude that Stout Realty did not violate any real estate industry standard is faulty. For the reasons explained below, Plaintiff's motion will be denied.

### I.    BRIEF FACTUAL AND PROCEDURAL HISTORY

¶2.   Defendants Walter and Jane Feddersen are the landlords of the subject property known as "Cabrita Cliff Haus" located at 6H Estate Nazareth consisting of a 4 bedroom, 4.5 bath furnished villa, that also has a one bedroom, one bath guest cottage in St. Thomas, Virgin Islands. On May 22, 2020, the Feddersen Defendants listed their property for sale with Stout Realty, LLC.  Jeyan K. Stout (Stout), as the principal of Stout Realty, LLC listed the property at $2.85 million.  Stout showed the property to Kirkland and on August 4, 2020, Kirkland and the Feddersens entered into a one (1) year lease agreement commencing on September 1, 2020, and ending on August 31, 2021. The lease agreement contained a clause providing Kirkland with a right of first refusal ("ROFR") in the event Kirkland

2

decided to purchase the property. The ROFR is written in the same section of Paragraph 19: Inspections and Showings.

¶3.     During the tenancy, several disputes arose between all three parties and despite the lease term expiring on August 31, 2021, Kirkland vacated the premises on January 28, 2021. Kirkland then brought this action against the Feddersens, Stout, and Stout Realty and eventually filed the Second Amended Complaint on March 7, 2022.

¶4.     April Newland was retained by the Stout Defendants to provide her expert opinion on whether Stout violated any of the rules or regulations of the real estate industry when Stout showed the property on several occasions to potential buyers while Kirkland was still occupying the premises as a tenant. Kirkland does not challenge Newland's qualifications as a realtor in the Virgin Islands; however, he challenges the methodology that she used to determine that plaintiff's real estate expert, Jeffrey Rothbart, is incorrect in his professional estimation that Stout violated industry standards when she failed to show the property at the end of the tenancy.

## II.  LEGAL STANDARD

¶5.     Virgin Islands Rule of Evidence (V.I.R.E.) 702 governs the admissibility of expert testimony in Virgin Island courts.  Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
  (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
  (b) the testimony is based on sufficient facts or data;
  (c) the testimony is the product of reliable principles and methods, and
  (d) the expert has reliably applied the principles and methods to the facts of the case.

The Virgin Islands has relied on the analytical framework established in the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993), for determining whether expert testimony is admissible under Rule 702.  *Daubert* has developed a

3

trichotomous test. See also *Antilles v. Lembach*, 2016 W.L. 948969 (Mar. 14, 2016). Three requirements must be met: 1.) the expert must be qualified, 2.) the expert's opinion must derive from a reliable process or technique, and 3.) the testimony must assist the trier of fact, i.e., it must be applicable to the facts of the case. Succinctly put, all three (3) factors: qualification, reliability, and fit must be present. *Id.*

¶6.     "Qualification" refers to the requirement that the witness possess specialized expertise. Expert testimony must be rooted in the expert's scientific, technical, or other specialized knowledge that will help the trier of fact understand the evidence or determine a fact in issue. The qualification requirement has been applied liberally by trial courts, as most allow a "broad range" of knowledge, training, and skills to qualify as an expert. As stated, Plaintiff does not contest Newlands's qualifications.

¶7.     The second factor, reliability, is the principal factor in this *Daubert* challenge. In determining whether expert testimony is reliable, the Court may consider several non-exhaustive factors including: (1.) whether the theory or technique can be tested; (2.) whether the methodology is subject to peer review and publication; (3.) whether, and how frequent, the methodology leads to erroneous results; (4.) the known or potential rate of error; (5.) whether the theory or technique has been generally accepted in the relevant scientific field; (6.) whether, and how strong, a relationship the technique has to methods which have been established as reliable; (7.) whether the expert witness is qualified to testify based on the methodology; and (8.) whether, and how often, the method has been put to non-judicial use. *See Gov't of the V.I. v. Jackson*, 47 V.I. 123, 126 (V.I. Super. Ct. 2005). The testimony must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation. *Samuel v. United Corp.*, 64 V.I. 512, 526 (2016). The reliability inquiry must remain flexible, however, "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137,

4

147-59 (1999). It is within the court's discretion to choose among reasonable means of excluding expertise that is fausse and science that is junky. *Id.* at 158-159 (Scalia, J. concurring). However, the court cannot "usurp[] the role of the jury by substituting its own determination of weight and credibility for that of the jury..." *Brathwaite v. Xavier*, 71 V.I. 1089, 1099 (V.I. 2019).

¶8.     Fit, the third factor, requires the expert's testimony must be relevant for the purposes of the case and must assist the "trier of fact." *In re TMI Litig.*, 193 F.3d 613, 670 (3d Cir. 1999). Admissibility depends on the connection between the expert's opinion and the disputed factual issues of the case. *Id.* at 665. Fit is not always obvious, and scientific validity for one purpose is not necessarily validity for other unrelated purposes. *Id.* at 621. The party attempting to introduce the expert's testimony bears the burden of demonstrating the reliability of the expert's technique by "more than a *prima facie* showing." *In re Paoli R. R. Yard PCB Litig.*, 35 F. 3d 717, 743 (3d Cir. 1994). Testimony which fails to "relate to any issue in the case is not relevant and ... non-helpful." *Arvidson v. Buchar*, 72 V.I. 50, 82 (V.I. Super. Ct. 2019). Conversely, when a trial court's inquiry into whether an expert's methodology is sufficiently tied to the facts of a case, concerns relating to the persuasiveness of the evidentiary "sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration." *Id.*

## II.     LEGAL DISCUSSION

¶9.     Kirkland first challenges Newland's expert report by arguing that it is deficient as she has not provided any supporting information for her conclusions. Newland testified during her deposition that she used a substantial amount of external materials including the Lease, discovery responses, and Jeffrey Rothbart's expert report to develop her conclusions. (See Deposition, March 27, 2023, at 63:5-65:16. Newland also relied on the National Association of Realtors Code of ethics and MLS Rules and Regulations. He argues that her report is lacking in that she failed to consider the industry requirements

for showing properties with long-term tenants (one-year leases) or tenants that have a right of first refusal. Kirkland incorrectly argues because Newland has not refuted Plaintiff's expert report which provides the industry practice for property showings where there is a tenant, are conducted at the end of the lease term, her methodology is lacking. He argues her focus on making a sale is misplaced as it lacks consideration for the existing tenants and their right to peaceful enjoyment.

¶10. Stout argues the real estate industry is not based on science, but it is grounded in education, knowledge, and practical experience. According to Newland, realtors have a duty to show properties as expeditiously as possible when there is a potential buyer. Stout further argues there is no provision within the lease agreement to state otherwise. Put another way, nothing in the lease agreement requires that property showings occur at the end of the lease term. The Court agrees with Stout.

¶11. Kirkland's arguments are unconvincing. Paragraph 19, Inspections and Showings, of the lease provides: "The Landlord or their authorized agents shall have the right to enter into and upon the premises, or any part thereof, at all reasonable hours for the purpose of examining the same, or for the purpose of maintenance or of making necessary repairs, including the showing of the property for sale or rent (with 24hr notice when feasible). Landlord reserves the right to put up "For Sale" or "For Rent" signs in such places he/she may elect."

¶12. Further, even if the industry standard dictates otherwise, which the Court does not accept, there is nothing on the record for the Court to believe the general practice in the Virgin Islands is a practice other than providing 24-hr notice or a reasonable period of time to place the tenant on notice. Kirkland knew the property was for sale prior to moving in and he signed the lease agreement that specifically provides for the landlord or his authorized agent to enter and show the property to potential buyers. The relief as requested by Kirkland is not to exclude Newland's testimony as that would run afoul of *Brathwaite*. Kirkland is free to challenge Newland's expert opinion and therefore free to cross-examine

6